**Ralph LILES, Herman Bachanan, David Carlson, Ken Stastny, James Glenn, Larry Nolte and Ray Robinson, Appellants,**

v.

**Ronald E. REAGAN, Appellee.**

**No. 86–1263.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1986.

Decided Nov. 4, 1986.

Michael P. Farris, Washington, D.C., for appellants.

Sharon M. Lindgren, Lincoln, Neb., for appellee.

Before HEANEY and WOLLMAN, Circuit Judges, and LARSON,* Senior District Judge.

HEANEY, Circuit Judge.

This case raises the issue whether a state court judge has absolute immunity from a civil damages action brought by defendants who were found in contempt and jailed.

## BACKGROUND

This appeal arises out of a long and bitter dispute between the Faith Baptist Church of Louisville, Nebraska, and officials of the State of Nebraska over operation by the church of a school in violation of the laws of Nebraska. State officials ultimately obtained an order from a Nebraska district court closing the school. The order became final after appeal in 1981. The school, however, continued to operate. State officials then filed motions with a Nebraska district court asking that parents of children attending school in violation of the order be found in contempt. At a hearing on the motions before Judge Ronald E. Reagan, the appellants refused to testify on the basis of the fifth amendment privilege against self-incrimination. Judge Reagan then indicated that the privilege was not applicable and warned appellants he would hold them in contempt and put them in jail for refusing to testify. Appellants again refused to testify and Judge Reagan had them jailed for contempt indicating they would remain in jail until they agreed to testify.

Thereafter, appellants appealed to the Supreme Court of Nebraska and in addition brought state and federal habeas corpus actions. The federal habeas corpus action was referred to a magistrate who stayed the action pending completion of state proceedings. In the state habeas corpus action, Judge Reagan assigned himself to the case. On a motion for recusal, Judge Reagan indicated that he was inclined to grant the motion but would take no action at all unless the appellants dismissed their federal habeas corpus action. Appellants objected to this ruling reminding Judge Reagan that the federal action had been stayed pending completion of the state action. Appellants were finally released after an agreement by the prosecutor and defense counsel was reached.

Appellants then filed the present civil action in federal district court seeking monetary damages arising out of alleged deprivation of constitutional rights in the contempt proceeding in violation of 42 U.S.C. § 1983 and oppression under color of office in violation of Neb.Rev.Stat. § 28–926. Appellants also brought an independent federal claim based upon violation of the same state statute pursuant to 28 U.S.C. § 1343. The district court dismissed the appellants' complaints pursuant to Rule 12(b)(6) of the

* The Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota, sitting by designation.

Federal Rules of Civil Procedure, 625 F.Supp. 1470. The court dismissed the section 1983 claim on the ground that Judge Reagan enjoyed absolute immunity from the suit. The court also found that 28 U.S.C. § 1343 confers jurisdiction upon the federal court only to redress rights secured by the Constitution of the United States or by acts of Congress. Since appellants' section 1343 claim was based upon alleged violations of a state statute, the court found it was without jurisdiction to entertain the claim. Finally, having dismissed the two federal claims, the court declined to exercise pendent jurisdiction over the remaining state claim. For the reasons set forth below, we affirm.

Appellants' section 1983 claims were properly dismissed because Judge Reagan is entitled to absolute immunity in this action. The Supreme Court has stated a two part test for determining whether a judge is absolutely immune from liability in a civil damages action under section 1983. According to the Court, a judge is entitled to absolute immunity if the acts complained of were "judicial acts" and were not taken in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 355-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978).

In order to determine whether an act by a judge is "judicial," the Supreme Court has instructed us to consider whether the act is a function normally performed by a judge and whether the judge was interacting with the complaining party in a judicial capacity. *See Stump v. Sparkman,* 435 U.S. at 360, 98 S.Ct. at 1106; *White v. Bloom,* 621 F.2d 276, 280 (8th Cir.1980). In this case, both factors indicate that Judge Reagan's actions were judicial acts. Holding contempt proceedings, finding a party in contempt, and ruling on a motion for recusal are all acts normally performed by a judge. *Compare, White v. Bloom,* 621 F.2d at 280 (permitting jury to be impaneled without the presence of the defendant held a judicial act) *with Gregory v.*

*Thompson,* 500 F.2d 59, 64 (9th Cir.1974) (assault not a judicial act). Moreover, in appearing before the judge in the contempt proceedings and in bringing the motion to recuse, the appellants were clearly interacting with Judge Reagan in his judicial capacity.

Applying the jurisdictional element of the *Stump* test, Judge Reagan's actions were not taken in the clear absence of all jurisdiction. In this context, we must construe the scope of jurisdiction broadly. *Stump,* 435 U.S. at 356. In addition, district courts in Nebraska are granted broad jurisdiction over contempt proceedings and state habeas corpus petitions. *See* Neb. Const. Art. V, § 9 (giving district courts chancery and common law jurisdiction); Neb.Rev.Stat. § 24-302 (1979) (giving district courts "general, original, and appellate jurisdiction in all matters, both civil and criminal"); Neb.Rev.Stat. § 29-2801 to -2824 (1979) (giving district courts express jurisdiction to hear state habeas corpus petitions). Appellants argue that despite the broad jurisdictional grant, Judge Reagan was without jurisdiction to interfere with the federal habeas corpus proceedings. Although his actions may have been in excess of jurisdiction, they were not taken in the clear absence of jurisdiction. Judge Reagan had the power to hear the issues and to make the decision that he did in the state habeas corpus proceeding. That a decision is arguably incorrect does not deprive the judge making it of jurisdiction. *See Stump,* 435 U.S. at 355-56, 98 S.Ct. at 1104 (distinguishing "excess" of jurisdiction from "absence" of jurisdiction). Since his actions were "judicial acts" not taken in the "clear absence of all jurisdiction," Judge Reagan has absolute immunity in this case. Thus, we affirm the dismissal of the appellants' section 1983 claim.

With respect to the appellants' claim under section 1343, we need not address the jurisdictional grounds for the dismissal by the district court.[1] Even if the court has

---

1. Our decision leaves open the jurisdictional issue addressed by the district court. We simply

recognize that even if the court has jurisdiction

jurisdiction pursuant to section 1343, there is no reason for refusing to recognize the doctrine of absolute immunity in the context of that section. In *Stump*, the Supreme Court said:

> As early as 1872, the Court recognized that it was "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Stump*, 435 U.S. at 355, 98 S.Ct. at 1104 (citing *Bradley v. Fisher*, 80 U.S. 335, 13 Wall. 355, 20 L.Ed. 646 (1872).

The doctrine of absolute immunity for judges is not limited to section 1983 actions and is equally applicable to actions brought under section 1343. For that reason, even if the federal courts had jurisdiction to hear the appellants' claim under section 1343, it would be barred by the doctrine of absolute immunity. Thus, we affirm the dismissal of the complaint in its entirety.

under section 1343, Judge Reagan is entitled to absolute immunity, and the action is barred.