# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2093

_____

| | | |
|---|---|---|
| Jason R. French, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Jack M. Lewis, Municipal Judge, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: October 5, 1998

Filed: October 9, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Jason R. French filed a complaint alleging that Van Buren County Municipal Judge Jack M. Lewis failed to offer him equal protection, refused to recuse himself, maliciously arrested and prosecuted him, and retaliated against him. Although Mr. French did not clearly explain the surrounding circumstances, he indicated that he was incarcerated for fifty days for failure to pay a fine and that he suffered mistreatment while in jail. He requested damages and "permanent injunctive relief." The district

court[1] granted Judge Lewis's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Mr. French appeals.

We review de novo a Rule 12(b)(6) motion to dismiss, see Breedlove v. Earthgrains Baking Cos., 140 F.3d 797, 799 (8th Cir. 1998), petition for cert. filed, 67 U.S.L.W. 3083 (U.S. July 6, 1998) (No. 98-77), accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff, see Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998). Under this standard, we conclude that dismissal was proper.

It appears that Mr. French's complaint arose from criminal proceedings over which Judge Lewis presided. Acts such as assessing a fine, imposing punishment for failure to pay a fine, and issuing an arrest warrant are "judicial acts" within the jurisdiction of an Arkansas municipal judge. See Ark. Code Ann. § 16-17-704 (Michie 1994) (municipal courts have original jurisdiction over violations of city ordinances and misdemeanors); Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994) (per curiam) ("Arkansas law vests municipal judges with the power to issue arrest warrants"). Thus, for engaging in such acts, Judge Lewis was absolutely immune from civil liability for damages. See Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). While judicial immunity does not bar prospective injunctive relief, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), there was no indication in this case that Judge Lewis's allegedly illegal conduct is likely to recur or that no adequate remedy at law exists, see Sterling v. Calvin, 874 F.2d 571, 572 (8th Cir. 1989) (per curiam) (prerequisites to obtaining injunctive relief).

Accordingly, we affirm.

---

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.