**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 19, 2005**

**FOR THE TENTH CIRCUIT**

STUART T. GUTTMAN,

      Plaintiff-Appellant,

  v.

HERBERT M. SILVERBERG;
WILLIAM F. LANG,

      Defendants-Appellees.

No. 05-2180
(D.C. No. CIV-05-360 JAP/LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BARRETT**, **PORFILIO**, and **BRORBY**, Senior Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Stuart T. Guttman, appearing pro se, appeals from the district court's orders vacating a default judgment and dismissing his case for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and on the ground of absolute judicial immunity. We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

Guttman, a medical doctor, filed this suit against his former attorney, Herbert M. Silverberg, and the Honorable William F. Lang, a New Mexico District Court Judge in the Second Judicial District (Bernalillo County). Silverberg represented Guttman in proceedings before the New Mexico Board of Medical Examiners, and Judge Lang presided over a civil action in which Guttman brought a claim of malpractice against Silverberg arising out of that representation.

In his federal complaint, Guttman asserts that he brings claims against both defendants under 42 U.S.C. § 1983. He alleges Judge Lang was biased against him when he denied a motion for access to medical records that Silverberg allegedly had provided to the court ex parte in relation to a contempt hearing, and when he denied a motion to recuse himself. He also complains that Silverberg committed fraud and violated the New Mexico Unfair Trade Practices Act by billing him for services not rendered or failing to provide services as advertised.

A copy of the complaint and summons was served on each defendant on April 7, 2005. On April 27, Judge Lang's attorney, Patricia J. Turner, entered an appearance and, on May 3, filed a motion to dismiss on the grounds of absolute judicial immunity and a failure to state a claim on which relief can be granted. On the latter ground, Judge Lang argued that Guttman failed to allege any constitutional injury arising from his alleged conduct or to request any relief related to his alleged conduct.

On May 4, 2005, Guttman filed a "Notice Of Default Judgment Per Rule 55" and an accompanying affidavit in which he sought the entry of default against Silverberg and Turner. Neither document mentioned Judge Lang. On May 5, the clerk of the court entered a default pursuant to Fed. R. Civ. P. 55(a)[1] against Silverberg only. Guttman never moved for entry of default judgment against Silverberg and none was ever entered. On May 9, Silverberg filed two motions, one requesting relief from the entry of default and one requesting dismissal of the case. On June 7, the district court granted Judge Lang's motion to dismiss and both of Silverberg's motions.

---

[1]     Rule 55(a) reads: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).     Guttman's version of this rule, as set forth on page three of his opening brief, erroneously adds the word "judgment" after "default." The entry of default and the entry of a judgment by default are two separate procedures. *Compare* Fed. R. Civ. P. 55(a) *with* 55(b).

On appeal, Guttman argues that the district court should not have set aside the entry of default against Silverberg. He also argues that the district court should have entered default against Judge Lang and, ostensibly in the alternative, that Judge Lang is not entitled to absolute judicial immunity because his acts were nonjudicial.

We review a decision regarding the entry of default for abuse of discretion. *Ashby v. McKenna*, 331 F.3d 1148, 1151-52 (10th Cir. 2003). We review de novo the district court's orders granting the defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(1) & (6). *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). Because Guttman appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

An answer generally must be served twenty days after service of the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). In lieu of an answer, a motion permitted by Rule 12(b) may be served within the twenty-day period. *See* Fed. R. Civ. P. 12(a)(4)(A), (b). In this case, the twenty-day period ended on April 27, 2005. If a party fails to answer or otherwise defend, a default may be entered against the party. Fed. R. Civ. P. 55(a).

A court may set aside an entry of default for good cause shown.  Fed. R. Civ. P. 55(c).  "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).  Because "[a] judgment is void when a court enters it lacking subject matter jurisdiction," *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986), it follows that lack of subject matter jurisdiction constitutes good cause to set aside an entry of default leading up to the entry of a default judgment, *see id.* at 1203 (holding that, before entering a default judgment, a court has "an affirmative duty to look into its jurisdiction both over the subject matter and the parties").  *See also* Fed. R. Civ. P. 12(h)(3) (providing that a court must dismiss an action whenever it appears that the court lacks subject matter jurisdiction).

To the extent Guttman's claims against Silverberg are based on § 1983, we conclude that the district court lacked subject matter jurisdiction under 28 U.S.C. § 1331.  Guttman did not allege state action on the part of Silverberg in his complaint, *see Chapoose v. Hodel*, 831 F.2d 931, 934-35 (10th Cir. 1987) (affirming dismissal of § 1983 claim for lack of subject matter jurisdiction where defendant was not a state actor), and he has not presented any argument in his

appellate briefs on his issue. Guttman's suggestion that default was appropriate because Silverberg knew of this defense at the time his answer was due and failed to assert it by that date is without merit. "[L]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

To the extent his claims against Silverberg solely involve questions of state law, Guttman did not allege diversity of citizenship under 28 U.S.C. § 1332, and we conclude that diversity is lacking. Although not explicitly stated, it is apparent that the district court declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) in view of its dismissal of the § 1983 claim against Silverberg as well as the dismissal of the § 1983 claim against Judge Lang, which, we conclude below, was proper. Accordingly, the court did not abuse its discretion in setting aside the entry of default for good cause based on the lack of subject matter jurisdiction and did not err in granting Silverberg's motion to dismiss on the same ground.

Guttman argues that the district court should have entered default against Judge Lang because his attorney, Ms. Turner, entered her appearance on the date an answer or defensive motion was due, April 27, but did not file a motion to dismiss until May 3. We approach this issue by considering the factors a district

court should take into account when determining whether to set aside an entry of default, including "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992) (quotation omitted). A court need not consider all of the factors, and may consider other factors as well. *Id.* at 183-84. However, even where there is a meritorious defense and no prejudice to the adversary, "[w]illful failure alone may constitute sufficient cause for the court to deny th[e] motion." *Id.* at 184-85.

The sequence of events shows that Judge Lang's motion to dismiss was filed before Guttman's motion for entry of default and presented a meritorious defense to the claim against Judge Lang. We are not persuaded by Guttman's argument that either Judge Lang or his attorney acted willfully in filing the motion to dismiss after April 27 because we see no substantial advantage to Judge Lang and no prejudice to Guttman in connection with the short delay. Under these circumstances, we perceive no reversible error in the district court's failure to enter default against Judge Lang.

We also conclude that the district court did not err in dismissing the claim against Judge Lang based on absolute judicial immunity. "[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). The immunity extends to acts taken in a judge's judicial capacity; it does not

encompass nonjudicial actions or judicial actions taken in the absence of all jurisdiction. *Id.* at 11-12. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Judge Lang's rulings on Guttman's motions were the normal functions of a judge, and the parties were dealing with Judge Lang in his judicial capacity. Whether or not Judge Lang accepted ex parte communications, was biased against Guttman, or should have recused himself does not abrogate the immunity or render his acts nonjudicial. *See Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"), *overruled on other grounds by Harlow v. Fitzgerald*, 467 U.S. 800 (1982) (qualified immunity). Furthermore, Guttman has not alleged that Judge Lang improperly took jurisdiction over his case. Therefore, Judge Lang is absolutely immune from Guttman's suit to the extent he seeks damages.

Although "a judge is not absolutely immune from . . . a suit for prospective injunctive relief," *Mireles*, 502 U.S. at 10 n.1. , Guttman has not requested any prospective injunctive relief. In his reply brief, he refers to a statement in his

complaint that mentions injunctive relief without identifying its nature. It is clear, however, that any injunctive relief that would address his complaints pertains to past conduct (denying his motions) and is not prospective.

Based on our conclusion that Judge Lang is entitled to absolute immunity, we need not reach the district court's alternate ground for dismissal under Rule 12(b)(6). Additionally, the allegations of errors by the magistrate judge, raised for the first time in Guttman's reply brief, are waived. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (holding that the failure to raise an issue in an opening brief waives that issue). Even if these issues were not waived, we conclude Guttman's arguments are without merit.

The judgment of the district court is **AFFIRMED**. We treat Guttman's "Motion to Reconsider Acceptance of Summons" as a motion to supplement the record on appeal and **DENY** it as moot because the summonses appear in the record. We also **DENY** as moot his "Motion for Allowance of Utilization of Appendix with Reply Brief" because the documents contained in "Plaintiff/Appellant Reply Appendix" are either duplicative of documents contained in the record or irrelevant to our disposition of this appeal.

Entered for the Court

John C. Porfilio

-9-

Circuit Judge