**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STUART T. GUTTMAN, M.D.,

Plaintiff-Appellant,

v.

JOEL WIDMAN, individually and in
his capacity as a member of the New
Mexico Supreme Court Disciplinary
Board; VIRGINIA L. FERRARA,
individually and in her capacity as a
member of the New Mexico Supreme
Court Disciplinary Board; HERBERT
M. SILVERBERG; PATRICIA A.
MADRID, individually and in her
capacity as Attorney General of the
State of New Mexico;
DISCIPLINARY BOARD, an agent of
the New Mexico Supreme Court,

Defendants-Appellees.

No. 05-2269
(D.C. No. CIV-04-433-WPJ/WPL)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **BRORBY**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is plaintiff Stuart T. Guttman's second appeal in this case. He filed the first pro se, seeking review of the district court's denial of his motion to recuse. That appeal was dismissed for lack of appellate jurisdiction. *See Guttman v. Widmon* [sic], No. 04-2316 (10th Cir. Mar. 16, 2005) (order dismissing appeal). In the present appeal, Mr. Guttman, again appearing pro se, contests various rulings of the district court in favor of defendants or against him. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

Mr. Guttman lost his license to practice medicine as a result of proceedings before the New Mexico Board of Medical Examiners. Defendant Herbert Silverberg, an attorney, represented Mr. Guttman in those proceedings. Contending that the representation was substandard, Mr. Guttman filed a complaint against Mr. Silverberg with the New Mexico Supreme Court Disciplinary Board (Disciplinary Board or Board). In this action, Mr. Guttman claimed that the Board,[1] through the New Mexico Attorney General, defendant Patricia Madrid, prevented him from publicizing his complaints against Mr. Silverberg in violation of his First Amendment right of freedom of speech. As the source of this constraint, Mr. Guttman relied primarily on Rule 17-304 of

---

[1]    Although Mr. Guttman referred to the New Mexico Supreme Court in his first claim, we construe his pleading to mean the Disciplinary Board, as he did not name the Court as a defendant.

the Rules Governing Discipline promulgated by the New Mexico Supreme Court, which reads, in relevant part:

**17-304. Confidentiality of investigations; exceptions; hearings.**

A. **Confidentiality.** Except as otherwise provided by this rule, any investigation and any investigatory hearing conducted by or under the direction of disciplinary counsel, or disciplinary counsel's authorized agents, shall be entirely confidential unless and until they:

    (1)    become matters of public record by:
        (a)    the filing of a formal specification of charges with the Disciplinary Board pursuant to Rule 17-309 NMRA;
        (b)    the filing of a summary suspension proceeding pursuant to Rule 17-207 NMRA;
        (c)    the filing of an incompetency or incapacity proceeding pursuant to Rule 17-208 NMRA;
        (d)    the filing of a reinstatement proceeding pursuant to Rule 17-214 NMRA; or
        (e)    the filing of a motion for order to show cause why a respondent should not be held in contempt pursuant to Paragraph G of Rule 17-206 NMRA; or
    (2)    are otherwise released according to these rules.

N.M.R.A. 17-304.

In his second claim for relief, entitled "Damages," Mr. Guttman claimed that the Disciplinary Board, through Attorney General Madrid, wrongly denied him access to complaints filed against Mr. Silverberg. He contended that, had he known about those complaints, he never would have hired Mr. Silverberg and sustained damages as a result of Mr. Silverberg's allegedly deficient representation of Mr. Guttman before the Board of Medical Examiners.

In his prayer for relief, Mr. Guttman requested a finding that the Disciplinary Board, two of its disciplinary counsel, defendants Joel Widman and Virgina Ferrarra, and Attorney General Madrid (together, State Defendants) conspired to deprive him of his free speech rights. He also sought damages arising from Mr. Silverberg's representation and injunctive relief (the object of his third claim for relief) in the form of an order that the State Defendants open the Board's records to public inspection. In unnecessarily protracted pretrial litigation, the district court granted Mr. Silverberg's motion to dismiss and the State Defendants' motion for summary judgment. The district court also denied Mr. Guttman's motions for recusal and summary judgment, and imposed filing restrictions on him. This appeal followed.

## II. Discussion

### A. Mr. Silverberg's Motion to Dismiss.

The district court granted Mr. Silverberg's motion to dismiss the amended complaint as against him pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that he had no role in the promulgation or enforcement of Rule 17-304 and that any reference to his allegedly substandard performance was merely context for Mr. Guttman's claims against the other defendants. On appeal, Mr. Guttman argues only that the district court should not have granted the motion to dismiss because it previously had denied Mr. Silverberg's motion to abstain, which was based on Mr. Guttman's pending state-court suit against him. We review de novo

-4-

the district court's dismissal pursuant to Rule 12(b)(6). *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In doing so, "all well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Id.* Because Mr. Guttman appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

In Mr. Silverberg's earlier motion to dismiss on abstention grounds, he opined that none of the claims pertained to him. Although the district court questioned whether he was a proper defendant, the court noted that he had not moved for dismissal on any grounds other than abstention, and the court did not consider any basis other than abstention in denying the motion. Accordingly, the order denying Mr. Silverberg's motion to abstain did not bar the district court from granting his later motion to dismiss pursuant to Rule 12(b)(6), which raised different grounds for dismissal of the claims asserted against him, i.e., that he had no role in the promulgation or enforcement of Rule 17-304.[2]

---

[2] Mr. Guttman also argues that the district court should not have granted the motion to dismiss because it was filed several months after the deadline for pretrial motions set in the Initial Pretrial Report (IPR). (Although we are unable to locate a copy of the IPR in the record, we note that Mr. Guttman provided a copy to which we will refer. *See* Aplt. App., Vol. I at 45-55.) The IPR, however, provides that motions filed after the deadline would be considered late in the discretion of the court. *Id.* at 53. The district court apparently did not consider Mr. Silverberg's motion as untimely, perhaps because it was meritorious.

B.    State Defendants' Motion for Summary Judgment.

The district court granted the State Defendants' motion for summary judgment for a variety of reasons.  "We review the district court's grant of summary judgment de novo . . . [and] view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The nonmovant may not rest upon his pleadings.  *Simms*, 165 F.3d at 1326.

The district court ruled that Eleventh Amendment immunity barred any claims for damages against the Disciplinary Board and the individual State Defendants in their official capacity.  Mr. Guttman's appellate arguments on this issue that pertain to qualified immunity are not relevant to the Eleventh Amendment immunity analysis.  His argument that the district court's ruling on Eleventh Amendment immunity bars his request for prospective injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908), is misguided as the Eleventh Amendment immunity holding by its terms is limited to immunity from suit for damages.  Having reviewed the record, we affirm the district court's ruling on

Eleventh Amendment immunity for substantially the same reasons as set forth in the district court's opinion. *See* R., Vol. III, Doc. 132 at 3-4.

The district court next construed Mr. Guttman's First Amendment claims against Attorney General Madrid as arising under 42 U.S.C. § 1983 and concluded that they fail because he had not shown the Attorney General had personally participated in any acts that violated his free speech rights. To establish supervisor liability under § 1983, a plaintiff must show that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988) (quotation omitted) (alteration in original).

Mr. Guttman alleged that the Disciplinary Board acted through the Attorney General. His position on appeal appears to be that he named Attorney General Madrid in order for her to consider the constitutionality of Rule 17-304, *see* Aplt. Opening Br. at 6-7. He bases this argument primarily on *Doe v. Doe*, in which the Tennessee Supreme Court asked the Tennessee Attorney General to file an amicus brief and participate in oral argument in a pending case that concerned the constitutionality of a disciplinary rule concerning duties of confidentiality in attorney disciplinary proceedings, 127 S.W.3d 728, 729 (Tenn. 2004). The Attorney General in *Doe* did not become a party to the case. Mr. Guttman's objective in naming Attorney General Madrid in this case is insufficient to satisfy

the personal participation requirement of actions brought pursuant to § 1983 or to show that she is otherwise a proper defendant in this action, and he has provided no other argument or evidence to show her direct or supervisory participation.

The district court further construed the amended complaint as possibly setting forth a claim under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to 41-4-27 (Act), and granted summary judgment because New Mexico had not waived immunity under the Act for Mr. Guttman's claims, Mr. Guttman had not complied with the Act's notice requirements, and his claims were time-barred. For substantially the same reasons as set forth in the district court's opinion, *see* R., Vol. III, Doc. 132 at 5-7, we affirm the dismissal of any claim Mr. Guttman brought that could be construed as arising under the Act.

The district court proceeded to the merits of Mr. Guttman's First Amendment claim and concluded that Rule 17-304 applies only to the Disciplinary Board and its counsel and does not prevent Mr. Guttman from publicizing his complaints against Mr. Silverberg. Mr. Guttman argues that the rule is vague and overbroad. We disagree.

"A plaintiff may challenge a statute as overly vague where the statute's deterrent effect on legitimate expression is 'both real and substantial' and the statute is not 'readily subject to a narrowing construction by the state courts . . . .'" *Faustin v. City & County of Denver*, 423 F.3d 1192, 1202 (10th Cir. 2005) (quoting *Young v. Am. Mini Theatres, Inc.*, 427 U.S. 50, 60-61

(1976)).  However, "[s]peculation and 'hypertechnical theories as to what the statute covers' cannot create vagueness, especially when the statute is 'surely valid in the vast majority of its intended applications.'" *Id.* (quoting *Hill v. Colorado*, 530 U.S. 703, 733 (2000)).  Similar concerns drive the overbreadth analysis.  *See id.* at 1199-1200.

Rule 17-304 is distinct from rules in other states that were struck down on First Amendment grounds to the extent they expressly imposed a duty of confidentiality on complainants in a disciplinary proceeding.  *See, e.g., Doe v. Sup. Ct.*, 734 F. Supp. 981, 988 (S.D. Fla. 1990); *R.M. v. Sup. Ct.*, 883 A.2d 369, 374, 381 (N.J. 2005); *Doe,* 127 S.W.3d at 731, 736; *Petition of Brooks*, 678 A.2d 140, 141 (N.H. 1996).  Although Rule 17-304 does not explicitly state that complainants are not bound by its confidentiality provisions, Rule 17-105(C)(5) provides, "*Disciplinary counsel* shall have the duty . . . to keep all complaints and other disciplinary matters confidential except as otherwise provided by these rules."  N.M.R.A. 17-105(C)(5) (emphasis added).

Based on Rule 17-105(C)(5), we conclude that Rule 17-304 does not require Mr. Guttman to keep his own complaints about Mr. Silverberg confidential.[3]  The absence of a specific exclusion for complainants, coupled with

---

[3]    In an affidavit supporting the motion for summary judgment, Mr. Widman suggested this same conclusion.  *See* R., Vol. II, Doc. 114, Ex. A, ¶ 7.  However, his opinion is not necessary to our disposition of this purely legal issue.  Therefore, we decline to consider whether alleged improprieties in the execution,

(continued...)

the fact that all correspondence from the Board to Mr. Guttman was marked "Confidential," may have fostered Mr. Guttman's misunderstanding, but it does not lead to the conclusion that Rule 17-304 is unconstitutionally vague or overbroad. As narrowed by reference to Rule 17-105(C)(5), Rule 17-304 does not pose a real and substantial threat to a complainant's ability to publicize his own complaints. Rather, Mr. Guttman's interpretation of Rule 17-304 is wholly speculative. Rule 17-304, therefore, is not vague or overbroad. Accordingly, Mr. Guttman's First Amendment claim fails, and he is not entitled to damages or any prospective injunctive relief.[4]

C.      Mr. Guttman's Motion for Summary Judgment.

Despite finding Mr. Guttman's motion for summary judgment untimely, the district court denied it on the merits. Based on the foregoing discussion affirming the grant of the State Defendants' motion for summary judgment, we agree that Mr. Guttman's motion fails on the merits. Accordingly, we need not address his

---

[3](...continued)
filing, and service of the affidavit render the State Defendants' motion for summary judgment untimely. The motion itself was timely because it was filed electronically prior to 8:00 a.m. of the business day following the date it was due. *See* D.C.N.M.LR-Civ. 5.5(a).

[4]      The district court also considered Mr. Guttman's complaint as stating a facial free speech challenge to Rule 17-304's restriction on the Disciplinary Board's dissemination of information about complaints filed against attorneys and the Board's investigations of those complaints. Mr. Guttman has raised no argument on this point on appeal. Accordingly, he has waived this issue. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

contention that it was unfair to find his motion untimely but not the State Defendants' motion for summary judgment, which we concluded above was timely, *see supra*, footnote three.

D.    Judicial Bias.

Mr. Guttman points to a variety of comments in the district court's orders in support of his contention that the district judge was biased against him. Some of the comments concerned Mr. Guttman's ignorance of procedural rules due to his pro se status and its effect on the number and quality of his filings, for which the judge threatened sanctions. Other comments concerned the judge's view that two of Mr. Guttman's other suits were no longer pending and that he likely had removed a third improperly. Mr. Guttman also takes issue with the statement in an order denying a motion for post-judgment relief from filing restrictions that any further motions would be considered frivolous because Mr. Guttman already had filed his notice of appeal, thereby depriving the district court of jurisdiction.

"[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Having reviewed the record in this case, we conclude that the comments with which Mr. Guttman takes issue evidence opinions that the district judge formed in the course of the proceedings and are

not of the type that make fair judgment impossible.  Therefore, we perceive no bias on the part of the district judge.

E.      Filing Restrictions.

The final issue before us is the district court's entry of a permanent injunction against Mr. Guttman that prevents him from filing any lawsuits in the United States District Court for the District of New Mexico unless he is represented by counsel or, if he proceeds pro se, unless he complies with a number of conditions when tendering a proposed complaint.  Those conditions require him to provide an affidavit that the action is commenced in good faith, is not malicious, and has arguable merit.  He must certify the proposed complaint pursuant to Fed. R. Civ. P. 11.  The proposed complaint must list all actions he has previously filed and describe their status.  He must provide a copy of any other filing restrictions placed on him.  Finally, he must submit a notarized affidavit that describes with particularity the legal issues, discloses whether they were raised in any other actions, and certifies again that the legal arguments are not frivolous or made in bad faith but are warranted by existing law or a good-faith argument for extension, modification, or reversal of existing law.  Upon compliance with these requirements, the district court then would review the complaint and make a determination whether it should be accepted for filing.

Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  *Tripati v.*

*Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam) (quotation omitted). "Litigiousness alone will not support an injunction restricting filing activities." *Id.* at 353. Filing restrictions, however, are appropriate where the litigant's lengthy and abusive history is set forth, the court provides guidelines as to what the litigant must do to obtain its permission to file an action, and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *See id.* at 353-54. "The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

We have reviewed the record in this case and conclude that the requirements of *Tripati* are met. The district court described a variety of Mr. Guttman's procedurally improper or meritless filings. The restrictions provide specific guidelines, and he was given the chance to respond. The restrictions do not deny Mr. Guttman meaningful access to the courts. He may hire an attorney or file pro se any action deemed to be nonfrivolous. Mr. Guttman's procedural transgressions, misunderstanding of legal theories, misapplication of case law, and sophistic arguments in this case have tested the limits of the leeway afforded to pro se litigants. We observed similar problems in our review of the case file in *Guttman v. Silverberg*, 167 F. App'x 1 (10th Cir. 2005) (unpublished), *petition for reh'g and reh'g en banc denied*, No. 05-2180 (10th Cir. Jan. 26, 2006) (order denying petitions), *cert. denied*, 126 S. Ct. 1913

-13-

(2006), of which we take judicial notice. Despite the fact that Mr. Silverberg also was a defendant in that case, we conclude that our opinion in *Judd v. University of New Mexico*, 204 F.3d 1041, 1043-45 (10th Cir. 2000), does not require that the injunction be more narrowly tailored because Mr. Guttman's litigation conduct cannot reasonably be expected to be confined to future pro se litigation related only to the parties and subject matter of the present case.

### III. Conclusion

The judgments of the district court are **AFFIRMED**.

Entered for the Court

Mary Beck Briscoe
Circuit Judge