# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3292

_____

James Schottel, Jr.,

        Plaintiff - Appellant,

v.

Patrick M. Young; William L. Berry,

        Defendants - Appellants.

\* Appeal from the United States
District Court for the
Eastern District of Missouri.

_____

Submitted: June 12, 2012
Filed: August 1, 2012

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

James Schottel, Jr., brought this action under 42 U.S.C. § 1983 alleging a state court judge, Judge Patrick Young, violated his constitutional rights by conditioning the grant of his motion to withdraw as counsel on the repayment of a $1,600 retainer

to the clients. The district court[1] dismissed the action for lack of subject matter jurisdiction pursuant to the <u>Rooker-Feldman</u>[2] doctrine. We affirm.

I

On July 16, 2007, Schottel, an attorney licensed to practice law in Missouri, agreed to represent an Illinois family in a wrongful death action in Illinois state court, pro hac vice. The fee agreement required the family to pay Schottel a $2,000 retainer and provided, in the event Schottel withdrew or was discharged as counsel, that he "shall be entitled to be paid a reasonable fee for the legal services provided after considering the extent to which his services have contributed to the result obtained." Schottel received $1,000 from the family that day, and an additional $600 at a later date. The family also secured William Berry, an attorney licensed to practice law in Illinois, as local counsel. With Berry's assistance, Schottel filed a complaint in the wrongful death action and also moved for leave to appear pro hac vice.

In September 2009, Schottel filed a motion to withdraw as counsel. Judge Young presided over the hearing on the motion to withdraw and inquired as to Schottel's reason for seeking withdrawal. Schottel gave his physical disability as one of the reasons precluding him from continuing representation. Schottel further explained his sole associate had left his employ and his administrative assistant had medical problems which prevented her from assisting him. Noting the only work done in the case was the preparation and filing of the complaint, Judge Young ordered as follows: "Schottel shall refund the $1600 retainer . . . [and] is granted leave to withdraw conditional upon said payment." Appellant's App. at 58.

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

[2]<u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Ct. of App. v. Feldman</u>, 460 U.S. 462 (1983).

Schottel subsequently filed a motion for reconsideration, which Judge Young denied on the ground the court has "inherent authority to condition matters before it, on motions to withdraw, with the payment of costs or monies expended." Id. at 65-66. Judge Young granted Schottel ten days to pay the money, at which time his motion to withdraw would be granted. Schottel filed a motion for leave to file a writ of mandamus or, in the alternative, a writ of prohibition against Judge Young with the Illinois Supreme Court, which was denied without comment.

Three months later, Schottel still had not repaid the money. Consequently, Judge Young issued a show-cause order, requiring Schottel to appear in court and explain why he should not be held in contempt for failing to comply with the court's order to refund the retainer to the family. Schottel then filed a motion for clarification of the motion-to-withdraw order, arguing he should not be held in contempt because he had construed the order to mean his motion to withdraw would be denied if the money was not returned. Judge Young rejected Schottel's interpretation, reminded him he had agreed to refund the entire $1,600 retainer to the family, and stated: "[I]f I'm informed by the [family] tomorrow that they have received the check for $1,600 . . . the court will vacate the rule to show cause. If not . . . the court will enter the contempt against you, and appropriate remedies, including a body attachment, would issue." Id. at 81. Schottel paid the $1,600 the same day.

In September 2010, Schottel brought this 42 U.S.C. § 1983 action in federal court, alleging Judge Young violated his rights under the Fourth and Fourteenth Amendments of the Constitution.[3] Judge Young moved to dismiss, arguing (1) the district court lacked jurisdiction over the claims under the Rooker-Feldman doctrine;

---

[3]Schottel also brought a section 1983 action against Berry, alleging Berry and Judge Young "acted in concert to commit Defendant Judge Young's unlawful orders to deprive Plaintiff property," Complaint ¶ 83, and asserting various state law claims against Berry. The action against Berry was later dismissed by stipulation and is not subject of this appeal.

(2) Schottel's claims were barred by judicial immunity; and (3) venue was proper, if at all, in Illinois. The district court granted the motion to dismiss. Observing the case was "essentially an appeal from Judge Young's order by an aggrieved party, *i.e.*, Schottel," the court concluded it lacked jurisdiction pursuant to the Rooker-Feldman doctrine "to review and reject the state court decision to condition [Schottel's] withdrawal upon the repayment of the retainer." Appellant's App. at 114. Schottel timely appealed.

II

On appeal, Schottel argues Rooker-Feldman did not prevent the court from exercising jurisdiction and further asserts judicial immunity does not shield Judge Young from liability in this section 1983 action. We elect to address the issue of judicial immunity first.

Judicial immunity is a question of law we review *de novo*. Brown v. Griesenauer, 970 F.2d 431, 434 (8th Cir. 1992). A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (internal citations omitted).

"An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." Birch v. Maznder, 678 F.2d 754, 756 (8th Cir. 1982) (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)). Here, both factors indicate Judge Young's actions were judicial in nature. Holding a hearing on a motion to withdraw as counsel, ruling on such motion, and requiring certain conditions be met as a prerequisite for granting the motion are

-4-

all acts normally performed by a judge. See Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986) (stating "[h]olding contempt proceedings, finding a party in contempt, and ruling on a motion for recusal are all acts normally performed by a judge"); see also Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) ("Ruling on a motion is a normal judicial function[.]"); Guttman v. Silverberg, 167 F. App'x 1, 4-5 (10th Cir. 2005) (stating ruling on motions is a normal function of a judge and explaining "[w]hether or not [the judge] accepted ex parte communications, was biased against [the complaining party], or should have recused himself does not abrogate the immunity or render his acts nonjudicial"). Further, in bringing the motion to withdraw as counsel and appearing before the judge at the hearing on said motion, Schottel was dealing with Judge Young in his judicial capacity. See Liles, 804 F.2d at 495. Accordingly, we reject Schottel's contention Judge Young's actions fit the "nonjudicial acts" exception to the doctrine of judicial immunity.

We also reject Schottel's argument Judge Young acted in the complete absence of all jurisdiction. The Supreme Court has instructed us to construe broadly "the scope of the judge's jurisdiction . . . where the issue is the immunity of a judge." Stump, 435 U.S. at 356. Thus, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356-57 (internal quotation marks and citation omitted). Moreover, "an action—taken in the very aid of the judge's jurisdiction *over a matter before him*—cannot be said to have been taken in the absence of jurisdiction." Mireles, 502 U.S. at 13 (emphasis added).

In Illinois, circuit court judges have "original jurisdiction of all justiciable matters," with certain limited exceptions not applicable here. Ill. Const. art. VI, § 9; see also In re Luis R., 941 N.E.2d 136, 140 (Ill. 2010) (explaining that "except in the context of administrative review, an Illinois circuit court possesses subject matter jurisdiction as a matter of law over all 'justiciable matters' before it"). The Illinois

-5-

Supreme Court defines "justiciable" as "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." In re Luis R., 941 N.E.2d at 140; see also Bellville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 770 N.E.2d 177, 184 (Ill. 2002) ("[I]n order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint . . . must present a justiciable matter."). Undoubtedly then, the circuit court, in which Judge Young presided, had jurisdiction over the wrongful death action in which Schottel was representing the family. And although Schottel moved to withdraw as counsel in the that action, his written appearance on behalf of the family required him to continue the representation until the court granted his motion to withdraw. See Ill. S. Ct. R. 13(c)(3) and Comm. Comments ("[A]n attorney's written appearance on behalf of a client before any court in [Illinois] binds the attorney to continue to represent that client until the court, after notice and motion, grants leave for the attorney to withdraw."). The hearing and ruling on Schottel's motion to withdraw were, therefore, part of an action over which the court had jurisdiction. Accordingly, we conclude Judge Young did not act in the complete absence of all jurisdiction when he granted Schottel's motion to withdraw and conditioned the grant on Schottel refunding the $1,600 retainer to the family.

Because Judge Young's actions were judicial in nature and were not taken in the complete absence of all jurisdiction, Judge Young is entitled to judicial immunity for the claims brought against him in this section 1983 action.[4] See Mireles, 502 U.S. at 11.

---

[4]Having determined judicial immunity bars Schottel's section 1983 action against Judge Young, we need not address whether the Rooker-Feldman doctrine prevented the district court from exercising jurisdiction over Schottel's action.

## III

For the reasons stated above, we affirm the judgment of the district court. <u>See</u> <u>Christiansen v. W. Branch Cmty. Sch. Dist.</u>, 674 F.3d 927, 934-35 (8th Cir. 2012) ("We review a district court's grant of a motion to dismiss de novo and we may affirm the judgment below on any ground supported by the record, whether or not raised or relied on in the district court.") (internal quotation marks and citation omitted).

_____