# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 20-2406

———————————————————

Kelly L. Smith

*Plaintiff - Appellant*

v.

Cathleen H. Allen, all in their personal capacity and in their official capacity as jointly engaged State actors and Special Prosecutor; Leininger, Smith, Johnson, Baack, Placzek & Allen, the law office of, all in their personal capacity and in their official capacity as jointly engaged State actors and Special Prosecutor; Smith, Johnson, Baack, Placzek, Allen Connick & Hansen, the law office of, all in their personal capacity and in their official capacity as jointly engaged State actors and Special Prosecutor; Central Platte Natural Resources District; Karin L. Noakes, in her individual, personal capacity; Frankie J. Moore, in her individual, personal capacity; Francie C. Riedmann, in her individual, personal capacity; Everett O. Inbody, in his individual, personal capacity

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: April 2, 2021
Filed: April 14, 2021
[Unpublished]

——————————

Before SHEPHERD, MELLOY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Kelly Smith appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action against the Central Platte Natural Resources District (CPNRD), its counsel, and four Nebraska state judges. Upon de novo review, see Waters v. Madson, 921 F.3d 725, 734 (8th Cir. 2019) (standard of review), we affirm. We agree with the district court that Smith's claims against the judges are barred by judicial immunity, see Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012) (judge is immune from suit, except for non-judicial actions or for actions taken absent all jurisdiction); and that his due process claims were predicated on an issue already decided against him in a prior state court action, see Haberer v. Woodbury Cty., 188 F.3d 957, 961 (8th Cir. 1999) (federal courts are obligated to give preclusive effect to issues decided by state courts); Hara v. Reichert, 843 N.W.2d 812, 816 (Neb. 2014) (elements of issue preclusion under Nebraska law). We also find that Smith's equal protection and conspiracy claims failed, see Robbins v. Becker, 794 F.3d 988, 996 (8th Cir. 2015) (class-of-one equal protection claim failed where plaintiffs did not allege facts showing they were similarly situated to others treated more favorably); City of Omaha Emps. Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989) (conspiracy claim requires plaintiff to allege with particularity that defendants reached understanding to violate his rights); and we find no merit to his allegations of district court bias, see Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute valid basis for finding of bias).

Accordingly, we affirm the dismissal, see 8th Cir. R. 47B; and we deny CPNRD's motion.

_____

_____

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

-2-